**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL JOEL ROZIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-55 (MTT)** |
| | ) | |
| **Solicitor Judge PAUL CALHOUN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Pro se plaintiff Michael Rozier filed this action against defendants Solicitor Paul Calhoun, Trooper Rusty Stewart, and Judge James C. Garner on February 6, 2026. ECF 1. On May 7, 2026, Solicitor Calhoun and Judge Garner filed a motion to dismiss raising improper service, improper venue, judicial and prosecutorial immunity, Eleventh Amendment immunity, personhood under 42 U.S.C. § 1983, and Younger Abstention. ECF 5-1. In his response, Rozier does not attempt to show that venue is proper.[1] ECF 7.

The venue provisions of 28 U.S.C. § 1391(b) provide in relevant part:

(b) Venue in general. A civil action may be brought in—

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

---

[1] Rozier requests the Court "[p]ermit Plaintiff leave to amend the pleadings if necessary." ECF 7 at 1. His request in a responsive brief is not a proper motion to amend. *See Newton v. Duke Energy Fl., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). Accordingly, Rozier's request to amend is **DENIED**.

Rozier's complaint alleges violations of his constitutional rights related to a traffic stop in Treutlen County, Georgia, and criminal proceedings in the State Court of Treutlen County, Georgia. ECF 1 at 4. Treutlen County, Georgia, is in the Southern District of Georgia, Dublin Division. 28 U.S.C. § 90. Accordingly, a "substantial part of the events or omissions giving rise to the claim[s]" did not occur in the Middle District of Georgia. Further, Rozier does not allege that any defendant is a "resident" of the Middle District for venue purposes. Thus, the Southern District of Georgia, not the Middle District, is the proper venue for this cause of action.

Having determined that venue is improper in the Middle District of Georgia, the Court turns to whether to dismiss the complaint for improper venue or transfer it to the Southern District of Georgia. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). It appears that Judge Garner and Solicitor Calhoun are absolutely immune from suit and Rozier's factual allegations against Trooper Stewart are insufficient to state a claim. Accordingly, the Court finds that it is not in the interest of justice to transfer the case. The motion to dismiss (ECF 5) is **GRANTED** and Rozier's complaint (ECF 1) is **DISMISSED without prejudice**.[2]

**SO ORDERED**, this 16th day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Rozier's motion to stay discovery (ECF 6) and motion for writ of prohibition (ECF 4) are **DISMISSED as moot.**